UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DANNY RAY SMOTHERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 4:16-CV-88-TAV-SKL |
| | ) |
| NICOLE GALARDY, Sergeant, | ) |
| RICKY REED, Sergeant, | ) |
| BECKY LNU, Nurse, | ) |
| FNU JACKSON, Sergeant, and | ) |
| FNU SOLOMAN, T.O. Officer, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This pro se prisoner's complaint for violation of 42 U.S.C. § 1983 is before the Court for consideration of dismissal. On June 25, 2020, the Court entered an order allowing Plaintiff fourteen (14) days from the date of entry of the order to show cause as to why this matter should not be dismissed based on his failure to report his change of address to the Clerk [Doc. 43]. The Court warned Plaintiff that if he failed to timely comply with the order, this action would be dismissed [*Id.* at 2]. More than fourteen (14) days have passed, and Plaintiff has not complied with the Court's order. Further, the United States Postal Service returned the Court's mail containing the order as undeliverable with a notation indicating that Plaintiff had been paroled and was no longer at the facility [Doc. 44]. The Court has no other address on record for Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any

order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff did not receive the order because he failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendants, who have expended time and resources filing answers to Plaintiff's complaint [*see, e.g.*, Docs. 32, 40]. As such, this factor weighs in favor of dismissal.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order, and it repeatedly advised Plaintiff of his duty to update his address with the Court [*see, e.g.*, Doc. 43]. As such, this factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 3] and he has not pursued this case since filing a response with the Court more than seven (7) months ago [Doc. 30]. Therefore, this factor weighs in favor of dismissal.

Accordingly, for the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE